Filed 6/2/26  P. v. Harris CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JAMIL HARRIS, <br><br> Defendant and Appellant. | B342031 <br><br> Los Angeles County <br> Super. Ct. No. KA038024 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Victor D. Martinez, Judge.  Reversed and remanded for resentencing.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant Jamil Harris.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.

At a Penal Code section 1172.75 resentencing hearing, appellant Jamil Harris moved to dismiss one of his two prior strike convictions under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.[1]  In denying his *Romero* motion, the trial court erroneously found that Harris was a "fourth striker."  We hold that it is reasonably probable that the trial court would have granted Harris's *Romero* motion had it not made this error.  We therefore reverse the judgment and remand the matter to the trial court to reconsider Harris's *Romero* motion.

## PROCEDURAL BACKGROUND

In 1998, a jury convicted Harris of one count of robbery (§ 211). Then, after a bench trial, the court found he sustained two prior strike convictions (§§ 1172.12, subds. (a)–(d); 667, subds. (b)–(i)), two prior serious felony convictions (§ 667, subd. (a)(1)), and served two prior prison terms (§ 667.5, subd. (b)).  The court sentenced him to 37 years to life in state prison, consisting of a term of 25 years to life on the robbery count imposed under the "Three Strikes" law, two five-year prior serious felony enhancements, and two one-year prior prison term enhancements.

In 2024, the trial court recalled Harris's sentence under section 1172.75, then resentenced him by striking the two prior prison term and two five-year prior serious felony enhancements, reducing his sentence to 25 years to life in state prison.  At the resentencing hearing, Harris's attorney asked the court to grant Harris *Romero* relief, noting that because Harris had already

---

[1]  Subsequent unspecified statutory references are to the Penal Code.

served a lengthy sentence, he would only get meaningful relief if the court changed his sentence from an indeterminate term to a determinate one.  The court denied Harris's *Romero* motion.

Harris timely appealed.

## FACTUAL BACKGROUND

In 1997, when Harris was about one week shy of his 26th birthday, he committed the robbery that gave rise to his sentence under the Three Strikes law.  The victim was Pedro Gallardo.  As Gallardo withdrew $400 from an automatic teller machine, Harris accosted him.  After a struggle, Harris fled with the money.  Harris ran to a nearby apartment complex with the victim in pursuit.  West Covina Police Officers who arrived at the scene gained entrance to the apartment in which Harris was located and found the $400 in the refrigerator.

## TRIAL COURT'S RULING

The trial court provided the following rationale for denying Harris's *Romero* motion.

"These are all difficult cases for the court looking at it.  I applaud Mr. Harris for the work he's done in the last few years.  I think he's committed to living a fruitful life once he gets out.  [¶]  The issue for the court is whether he comes within the spirit of the Three-Strikes law including evaluating what he's done while in prison.  [The] [c]ourt does note the majority of the work has only been in the last few years.  He has, as [the prosecution] indicated, violations of the prison rules since he's been in and he didn't have just one strike.  He had three prior strikes.

This was a fourth striker, and the strike he did was an ATM machine which the Legislature deemed even more egregious because that is now a first degree robbery when you commit a robbery at an ATM machine because of the dangers involved and the risks to people as they withdraw money from an ATM machine.  [¶]  Based upon all that, the court will be striking the two 667(a)(1) priors for ten years, and the [prison priors] for two years.  The court declines to strike the strikes under *Romero*.  I have taken everything into account including the defendant's age at the time it was committed, age of 25, and the fact he's . . . 53 in a few weeks . . . However the sentence will be life with a minimum term of 25 years . . . ."

## DISCUSSION

### A. Relevant Law

"The Three Strikes law consists of two, nearly identical statutory schemes designed to increase the prison terms of repeat felons." (*Romero*, *supra*, 13 Cal.4th at p. 504.)  In *Romero*, the Supreme Court held that the trial court may, in furtherance of justice, strike prior felony allegations in cases arising under the Three Strikes law pursuant to section 1385, subdivision (a). (*Romero*, at p. 503.)  At the resentencing hearing in this case, the trial court was required to apply *Romero* and subsequent revisions to the Three Strikes law regarding enhancements.

The relevant revisions to enhancements were promulgated in Senate Bill Nos. 136 and 483.  "Prior to January 1, 2020, [Penal Code] section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant served a separate prior prison term

and had not remained free of custody for at least five years." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681, citing former § 667.5, subd. (b).) "Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) [ ] (Stats. 2019, ch. 590) amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380 (*Burgess*).) "Enhancements based on prior prison terms served for other offenses became legally invalid." (*Ibid.*) The Legislature later enacted Senate Bill No. 483, effective January 1, 2022, to make the changes implemented by Senate Bill No. 136 retroactive by adding former section 1171.1 (now section 1172.75) to the Penal Code. (*Burgess*, *supra*, at p. 380, citing Stats. 2021, ch. 728, § 1.)

Section 1172.75, subdivision (c) requires the trial court, upon being properly notified that a defendant is serving a sentence that includes a legally invalid prior prison term enhancement (see § 1172.75, subd. (b)), to recall the sentence and resentence the defendant. "A trial court has the authority to strike prior strikes under section 1385(a) and *Romero* at a section 1172.75 resentencing." (*People v. Rogers* (2025) 108 Cal.App.5th 340, 345.)

A trial court must make its decision to strike or not strike a prior conviction by considering factors that are intrinsic to the Three Strike law's sentencing scheme. (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).) The factors a trial court must consider include: (1) the nature and circumstances of the current conviction; (2) the nature and circumstances of the prior strike convictions; and (3) the defendant's "background, character, and prospects[.]" (*Ibid.*) If the defendant falls outside the spirit of the Three Strikes law, the court may, in furtherance of justice, treat

5

the defendant "as though he had not previously been convicted of one or more serious and/or violent felonies." (*Ibid.*; see also *Romero*, *supra*, 13 Cal.4th at pp. 529–530; § 1385, subd. (a).) We review a trial court's denial of a *Romero* motion for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373.)

## B. Analysis

Harris and the Attorney General agree that the trial court denied Harris's *Romero* motion in part based on an erroneous belief that he was a fourth striker when he was actually a third striker. We agree with the parties that the trial court's characterization of Harris's prior criminal record in denying *Romero* relief was erroneous and, accordingly, we conclude the trial court abused its discretion in denying Harris *Romero* relief.

The Attorney General argues Harris forfeited on appeal his argument the trial court erroneously assumed he was a fourth striker by not raising it in the trial court, and in any event, the error was harmless. We will address the Attorney General's arguments concerning forfeiture and harmless error in turn.

Regarding forfeiture, it is true that Harris's counsel did not object to the trial court's mischaracterization of Harris's prior criminal record. We have discretion, however, to reach the merits of an argument that has not been preserved for review. (See *Williams*, *supra*, 17 Cal.4th at p. 161, fn. 6.) We exercise that discretion here because it is in the interests of justice to address Harris's meritorious contention. Had the court granted Harris's *Romero* motion, this would have changed his sentence from an indeterminate term to a determinate one. By reaching the merits, we obviate the need to address the parties' contentions regarding whether trial counsel was prejudicially ineffective by

6

not objecting. (See *People v. Monroe* (2022) 85 Cal.App.5th 393, 400 ["To forestall [defendant's] ineffective assistance of counsel claim, we decline to find forfeiture under the circumstances of this case"].)

Turning to whether the error was prejudicial, we conclude it was. "When a trial court has given both proper and improper reasons for a sentenc[ing] choice, a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper." (*People v. Price* (1991) 1 Cal.4th 324, 492.) Harris satisfies this test.

The trial court's error relates to the second factor in its analysis—"the nature and circumstances of the prior strike convictions." (*Williams*, *supra*, 17 Cal.4th at p. 161.) "The purpose of the Three Strikes law is to deter repeat felony offenders and protect society." (*People v. Anderson* (2019) 42 Cal.App.5th 780, 786.) Harris's purported commitment of a fourth strike is very significant because the trial court was under the erroneous impression that, despite suffering the heavy consequences of committing a third strike, Harris committed another strike. As Harris explains: "Classifying a defendant as a 'fourth striker' is a serious matter. If one prior strike can double a sentence and two prior strikes can lead to a life sentence, then it is difficult to imagine leniency being granted to someone with three prior strikes." We agree. A reasonable judge could have concluded Harris's purported fourth strike weighed strongly against granting *Romero* relief.

In analyzing whether the trial court's error was harmless, we also consider other facts that weighed in favor of granting *Romero* relief. The trial court "applaud[ed]" Harris for his recent

7

good behavior in prison and expressed its belief that he is "committed to living a fruitful life once" he is released from prison, suggesting the court may have been on the fence when denying *Romero* relief. Further, at the time of the resentencing hearing, Harris had already served a lengthy sentence spanning nearly three decades. Consequently, if the trial court granted *Romero* relief, Harris's incarceration may have immediately come to an end.

It is true the trial court denied Harris's *Romero* motion in part based on various factors unrelated to its incorrect belief that he had three prior strikes, including the facts underlying Harris's robbery conviction and his behavior in prison. We are persuaded, however, by Harris's argument that being viewed as a fourth striker cast him in a meaningfully different light than being a third striker and significantly reduced the likelihood that he would be granted *Romero* relief. Although it is certainly possible the court may have still denied Harris's *Romero* motion absent its mischaracterization of his criminal record, we conclude it is reasonably probable the court would have granted the motion had it known Harris was a third striker and not a fourth striker. We therefore agree with Harris that remand is appropriate.[2]

## DISPOSITION

The case is remanded for a full resentencing hearing under section 1172.75. At that hearing, the trial court is directed to reconsider Harris's *Romero* motion in light of this opinion. We

---

[2] Because we agree with Harris that remand is appropriate on this basis, we need not address his remaining contentions that the trial court abused its discretion when denying his *Romero* motion.

8

express no opinion on how the trial court should rule on that motion or what sentence the trial court should ultimately impose.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

TAMZARIAN, J.

We concur:

MORI, Acting P. J.

COGLIATI, J.*

---

\* Judge of the Santa Cruz Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9